## T. H. Neyland v. Ed Craig, Guardian.

### Decided May 29, 1909.

**Judgment—Pleading—Petition.**

Where the petition in an action for land expressly limited the claim asserted to three-fourths of the survey described, no valid judgment by default could have been rendered thereon for the entire survey, though a second count contained allegations of facts which, if true and properly proven, would have entitled the plaintiff to recover the entire survey. The rule that the entire petition must be considered in arriving at the intention of the pleader had no application.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Mooney & Mann,* for appellant.

*Joe W. Thomas,* for appellee.

PLEASANTS, Chief Justice.—In 1902 appellant Neyland and David Russell filed suit in the District Court of Tyler County against the appellee, Ed Craig, guardian of the person and estate of the minor, Jessie Craig. The petition in this suit is as follows:

"Your petitioners, T. H. Neyland and David Russell, composing the firm of T. H. Neyland, complaining of Ed Craig, who is the duly qualified and acting guardian of the estate of Jessie Craig, and respectfully show to your honorable court the following facts, to wit:

"1. That all of the above-named parties reside in Tyler County, Texas.

"2. That on the first day of January, A. D. 1901, plaintiffs were the owners of the fee and entitled to the possession of a certain tract of land which is hereinafter described, and on said last-named day and date defendants unlawfully entered upon said land, dispossessed plaintiffs therefrom, and now unlawfully withhold from plaintiffs the possession thereof, to plaintiffs' damage in the sum of one thousand dollars.

"Said land is described as follows: Abstract No. 579, patent No. 157, volume 24, patented to W. M. Smith, and the land herein sued for is an undivided three-fourths interest in said tract.

"The premises considered, plaintiffs pray for citation and for judgment against said defendant, Ed. Craig, guardian of the estate of Jessie Craig, for the land sued for, and that they have their writ of possession, and for general relief.

"Plaintiff further shows to your honorable court that heretofore, on the 27th day of September, A. D. 1899, plaintiffs herein made and entered into an agreement with one J. R. Unsworth, that all the respective parties would buy this tract of land hereinbefore mentioned from Kelly Hogg of Tyler County, Texas, and in pursuance to said contract and agreement the said Kelly Hogg made his deed in writing conveying to the parties hereinbefore mentioned the said tract of land in accordance with the terms of the said agreement, and which said conveyance shows on its face the full terms of said agreement, a copy

of which is hereto attached, marked 'Exhibit A,' and made a part hereof.

"Plaintiffs further say that the cash consideration named in said deed was paid out of the separate funds of plaintiffs, and no part of the same was paid by J. R. Unsworth; that the notes mentioned in said deed were all fully paid by these plaintiffs out of their own money, and no part of the same was paid by J. R. Unsworth, and that whatever title appears of record to be in the estate of J. R. Unsworth or Jessie Craig, legatee of said J. R. Unsworth, is held in trust for plaintiffs.

"Plaintiffs further say that said Unsworth promised and agreed to convey to these plaintiffs all his right, title, claim and interest in said tract of land, for the reason that he had not paid any of the purchase money for said land and did not claim any interest therein, but neglected and failed to do so.

"Wherefore, the premises considered, plaintiffs pray that whatever title appears in said Jessie Craig be divested out of her estate and that the same be adjudged a cloud on the title of plaintiffs, and that the equitable title of plaintiffs be declared superior to that of defendant, and for costs and general relief."

The deed referred to in this petition, and which is attached thereto, conveys the entire W. M. Smith survey and describes same by metes and bounds. The defendant was duly served with citation in this suit, but filed no answer, and on December 18, 1905, judgment was rendered by default in favor of plaintiffs. The entry on the judge's docket made at the time this judgment was rendered is as follows: "Judgment for plaintiffs for the land sued for."

The judgment entered in the minutes of the court on December 18, 1905, after reciting the fact of service upon the defendant and his failure to appear and answer, adjudged the plaintiffs to be entitled to recover of defendant, and decrees that they do have and recover of and from the defendant "an undivided three-fourths interest in abst. No. 579, patent No. 157, vol. 24, patented to W. M. Smith, situated in Tyler County, Texas, and that all title and interest of the said Ed Craig, guardian of Jessie Craig, and Jessie Craig in and to said land as above described, be divested out of the defendant Ed Craig, as guardian of said Jessie Craig, and Jessie Craig, and vested in plaintiffs, T. H. Neyland and David Russell," etc.

In June, 1908, the plaintiffs in this judgment filed a motion in the court in which said judgment was rendered to set aside the judgment entered and to enter a judgment in conformity with the order of court rendering said judgment. Service was had upon this motion. At the August term of the court an amended motion was filed in which it is alleged, in substance, that the default judgment rendered on the 18th day of December, 1905, was in favor of plaintiffs for the whole of the W. M. Smith survey, and that by mistake the judgment was entered as for only three-fourths of said survey. This motion set out the allegations of the petition upon which the judgment by default was rendered and the order upon the judge's docket before shown, and concludes with the following prayer:

"The premises considered, plaintiffs pray, defendants having been

already cited to appear and answer said motion, that upon a hearing of same that the judgment heretofore rendered in said cause be entered on the minutes of said court so as to conform with the order of the court heretofore made in this cause, and for general and special relief in law and in equity."

The defendant answered this motion by general and special exception and by general denial and special pleas, the nature of which it is unnecessary to state.

Upon a hearing of this motion the court refused to grant plaintiffs any relief, and from the order overruling said motion plaintiff Neyland prosecutes this appeal.

Under the only assignment of error presented in his brief appellant contends that the petition upon which the judgment of December 18, 1905, was rendered clearly shows that plaintiffs in said suit were seeking to recover the entire W. M. Smith survey, and the entry on the judge's docket, "Judgment for plaintiffs for the land sued for," shows that judgment was rendered for plaintiffs for said entire survey, and therefore the judgment as entered was erroneous, and should have been corrected so as to conform with the pleadings and the order of the court rendering said judgment.

There is no merit in this contention. It is unnecessary for us to determine whether, if the petition upon which the judgment sought to be corrected was rendered was susceptible of the construction placed upon it by appellant, this proceeding could be sustained under article 1356 of the Revised Statutes. We think it clear that the petition only sought to recover an undivided three-fourths of the Smith survey, and that the judgment rendered was only for three-fourths of said land, and no valid judgment could have been rendered on said petition for the entire survey.

While the second count in the petition alleges facts which, if true and properly proven, would entitle plaintiffs to recover the entire survey, the first count expressly restricts plaintiffs' claim to an undivided three-fourths of the survey. The rule invoked by appellant, that the entire petition must be considered in arriving at the intention of the pleader, has no application. The allegations of fact showing the right of plaintiffs to recover the entire survey can not sustain a judgment for the whole, when the petition expressly limits the claim asserted to three-fourths of the survey.

The trial court correctly held that there was no error or mistake in the entry of the judgment, and the order overruling the motion must be affirmed.

*Affirmed.*